UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

NOELLA DAWKINS,

    Plaintiff,

v.                                      **Case #:** 6:11-CV-1834-ORL-19-GJK

LINCOLN NATIONAL LIFE
INSURANCE COMPANY,
a foreign corporation and
MEDSOLUTIONS, INC,

    Defendants,
_____/

## COMPLAINT

The Plaintiff, NOELLA DAWKINS (hereafter referred to as "DAWKINS") sues the Defendants, LINCOLN NATIONAL LIFE INSURANCE COMPANY (hereafter referred to as "LINCOLN"), a foreign corporation, and MEDSOLUTIONS, INC. (hereafter referred to as "MEDSOLUTIONS") states:

## COUNT I

(Claim for Long Term Disability Benefits)

1. This is an action for relief under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 et. seq.

2. This Court has jurisdiction pursuant to ERISA § 502, 29 U.S.C. § 1132.

3. LINCOLN is an insurance company licensed to transact business in Florida, which is or was at all relevant times engaged in business in this District.

4. DAWKINS is and/or was a participant in each of the plans, funds, programs, or arrangements described herein, or in the alternative, was at all times

relevant a participant in each of the plans, funds, programs, or arrangements described herein.

5. DAWKINS is and/or was a former employee of MEDSOLUTIONS.

6. At all relevant times, DAWKINS was a participant in an employee benefit plan, Group Policy No. 00001006411700000-1 (hereafter referred to as "the Plan"), sponsored by MEDSOLUTIONS Employer.

7. A copy of the Plan's Summary Plan Description is attached hereto and incorporated by reference as Exhibit "A." The Summary Plan Description is issued by Jefferson Pilot Financial Insurance Company, d/b/a LINCOLN NATIONAL LIFE INSURANCE COMPANY.

8. The Plan is insured by LINCOLN.

9. LINCOLN is the fiduciary charged with making benefit determinations under the Plan, including the determinations made on Plaintiff's claim.

10. As the insurer of the Plan, LINCOLN pays claims from its own general assets and operates under a conflict of interest.

11. DAWKINS made a claim for Long Term Disability benefits under the Plan. LINCOLN determined that she was disabled and paid her STD benefits from April 2, 2007 through June 30, 2007.

12. LINCOLN has failed and refused to pay benefits since June 30, 2007.

13. LINCOLN has refused to pay the benefits sought by DAWKINS and as grounds for such refusal has alleged that Plaintiff does not satisfy the definition of total disability as stated in the Plan.

14. With respect to all claims made herein, DAWKINS has exhausted all administrative remedies.

15. DAWKINS is entitled to certain benefits under the Plan consisting of benefits for Long Term Disability since July 1, 2007 through the date of filing this action (for a total of 53 months), as she has met the definition of disability based upon restrictions and limitations related to arthralgia, neuralgia, neuritis, radiculitis, complex regional pain syndrome (CRPS)/ causalgia of the right lower extremity (RLE) and lumosacral sponsylosis without myelopathy and reflex sympathetic dystrophy (RDS).

16. Benefits are calculated at a rate of 60% of her gross monthly earnings of $1733.33, yielding a gross monthly benefit payment of $1040.00.

17. DAWKINS was approved for Social Security Disability benefits and receives a payment of $575.00 per month from Social Security, an offset from the Plan's disability benefit, which yields a net monthly payment of $465.00 under the plan ($1040.00 gross LTD - $575.00 SSI= $465.00 for the offset).

18. A total of 52 monthly benefit payments at the rate of $465.00 equals an aggregate sum of $24,645.

19. Plaintiff is entitled to benefits herein because:

    (a) The benefits are permitted under the Plan.

    (b) Plaintiff has satisfied all conditions to be eligible to receive the benefits.

    (c) Plaintiff has not waived or otherwise relinquished entitlement to the benefit.

20. Each monthly benefit payment owed since July 1, 2007 is a liquidated sum, and became liquidated on the date the payment was due and payable. Plaintiff seeks pre-judgment interest on each such payment.

21. Pursuant to ERISA §502(g), 29 U.S.C. §1132(g), DAWKINS is entitled to an award of reasonable attorney fees and costs incurred in an action brought under ERISA. Plaintiff has been required to obtain the undersigned attorney to represent him in this matter and has agreed to a reasonable attorney fee as compensation to him for his services.

WHEREFORE, the Plaintiff, NOELLA DAWKINS, asks this Court to enter judgment against the Defendants, LINCOLN NATIONAL LIFE INSURANCE COMPANY, a foreign corporation, and MEDSOLUTIONS, INC., finding that:

(a) The Plaintiff is entitled to Long Term Disability benefits from July 1, 2007 through the filing of this lawsuit; and

(b) Award benefits in the amount not paid to the Plaintiff from July 1, 2007 to the date of filing this lawsuit - a total of $24,645, together with pre-judgment interest at the legal rate on each monthly payment from the date it became due until the date it is paid; and

(c) Award reasonable attorney fees and costs incurred in this action; and

(d) For such other and further relief as this Court deems just and proper, including but not limited to:

    1. a declaration that Plaintiff's same claim for benefits continues after the last date of benefits awarded by the Court, without need to file a new application for benefits, and

    2.    remanding Plaintiff's claim to the Plan Administrator for further action to address continuing benefits after the final date of benefits awarded by this Court, and

    3.    ordering Defendant to advise Plaintiff's former employer or any other necessary entity that benefits in this action were properly paid through the date of this Court's Order awarding benefits for purposes of coordinating or reinstating any ancillary benefits which should properly be paid or for which coverage should be awarded as a result of Plaintiff's receipt of disability benefits under the Plan.

## COUNT II

(Claim for violation of 29 U.S.C. §1132(c))

    The Plaintiff, NOELLA DAWKINS (hereafter referred to as "DAWKINS"), sues Defendants, LINCOLN NATIONAL LIFE INSURANCE COMPANY and MEDSOLUTIONS, INC. ( hereafter referred to as "MEDSOLUTIONS"), and states:

    1.    This is an action to obtain documentation under 29 U.S.C. § 1132(c), Section 502(c) of the Employee Retirement Income Security Act ("ERISA") and equitable relief pursuant to 29 U.S.C. § 1132. Plaintiff, DAWKINS, also seeks statutory penalties of up to $110.00 per day as provided for in same statutory section, as amended by the Federal Civil Penalties Inflation Adjustment Act of 1990, as amended by the Debt Collection Improvement Act of 1996, and further seeks attorney fees and costs which she has been required to incur to pursue this action pursuant to 29 U.S.C. § 1132(g).

    2.    At all times material to this action, DAWKINS was a participant in an employee welfare benefit plan under ERISA providing long term disability benefits.

    3.    DAWKINS is and/or was an employee of MEDSOLUTIONS at its location in Saint Petersburg, Florida.

    4.    MEDSOLUTIONS was the sponsor of the employee welfare

benefits plan referenced in ¶2 above.

5. Defendant, LINCOLN, is a corporation authorized to do business in the State of Florida and actively engages in business throughout the Middle District of Florida.

6. MEDSOLUTIONS is the Plan Administrator of the Plan described above in ¶2 because: a) it is the named Plan Administrator, and/or b) it exercise all control over decision made under the plan and it issues the insurance policy which is the document under which the plan is governed and claims are paid.

7. On or about November 30, 2011, LINCOLN and MEDSOLUTIONS received from DAWKINS' attorney (by certified mail, return receipt requested) a written request dated November 23, 2011 requesting a copy of the Summary Plan Description, Plan Document and all documents used to reach a decision in Plaintiff's claim, as reflected as Exhibit "B" attached and incorporated herein.

8. LINCOLN and MEDSOLUTIONS did not provide the Plan document by December 30, 2010 (i.e. within 30 days of the receipt of the November 23, 2011 letter from DAWKINS' attorney) as required by 29 U.S.C. § 1132(c).

9. On or about January 13, 2011, LINCOLN sent a letter to DAWKINS' attorney acknowledging the letter dated, November 23, 2011, but did not provide the Plan as reflected as Exhibit "C" attached and incorporated herein. MEDSOLUTIONS did not respond to the letter dated November 23, 2011 or comply with the request for a copy of the Plan document.

10. On or about March 21, 2011, LINCOLN received a letter dated March 15,

2011 from DAWKINS' attorney (by certified, return receipt requested) stating that LINCOLN would not supply a copy of DAWKINS' claim file or Plan as reflected on Exhibit "D" attached an incorporated herein.

11. As of the date of the filing of this lawsuit, Defendants have not responded to Plaintiff's written request for documentation.

12. As of the date of the filing of this lawsuit, 358 days have passed since LINCOLN and MEDSOLUTIONS received the November 23, 2011 letter from Plaintiff's attorney.

13. In its letter dated January 13, 2011, LINCOLN denied DAWKINS' claim for benefits under the Plan and its insurance policy and that DAWKINS had exhausted her rights of appeal and her administrative file was closed.

14. DAWKINS is being and has been prejudiced by LINCOLN and MEDSOLUTIONS's failure to provide any Plan document. Among other things, she is prejudiced because she has no knowledge of the actual terms of the Plan under which her benefits were denied by LINCOLN.

15. As a result of Defendants' failure to respond to Plaintiff's written request for documentation, Plaintiff is uncertain as to her rights under the Plan and is not able to appropriately respond to actions taken by the Claim Administrator (i.e. the denial of her benefits).

16. As of the date this action was filed – December 1, 2011, three hundred twenty-one (321) days have passed since December 30, 2011, the date upon which LINCOLN and MEDSOLUTIONS's deadline to provide the requested documents expired. Plaintiff seeks penalties for each of these days, and any days into the future

before judgment for which LINCOLN and MEDSOLUTIONS fail to provide the documents required by statute.

17. Plaintiff is entitled to attorney fees and costs in this action pursuant to 29 U.S.C. § 1132(g).

WHEREFORE, the Plaintiff, NOELLA DAWKINS, sues Defendants, LINCOLN NATIONAL LIFE INSURANCE COMPANY, a foreign corporation, and MEDSOLUTIONS, INC., and seeks damages in the form of monetary penalties totaling of up to $110.00 per day for 321 days (i.e. from December 30, 2011 through the date of filing this lawsuit), a total of up to $35,310.00 in the past plus any additional days that accumulate before LINCOLN and/or MEDSOLUTIONS provides the required documentation, plus attorney fees, and costs, equitable relief in the form of extending the deadline to submit appeal documentation – which has expired on December 10, 2010- to a reasonable date following the delivery of the required documentation by LINCOLN and/or MEDSOLUTIONS and requiring that the requested documents be delivered, and any further relief as this Court may deem just and proper.

DATED this **16th** day of **November, 2011**.

                                         **s/ John V. Tucker**
                                         JOHN V. TUCKER, ESQUIRE
                                         Florida Bar # 0899917
                                         Attorney and Trial Counsel for Plaintiff
                                         TUCKER & LUDIN, P.A.
                                         13577 Feather Sound Drive, Suite 300
                                         Clearwater, Florida 33762
                                         Tel.:   (727) 572-5000
                                         Fax:   (727) 571-1415
                                         tucker@tuckerludin.com